IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NO. 1:CR-07-323-02 |
| | : | |
| | : | |
| RICHARD M. LAKE, | : | |
| Defendant | : | |

*M E M O R A N D U M*

I.      *Introduction*

        Defendant Richard M. Lake, an inmate at the Federal Correctional
Institution-Allenwood, has filed a motion pursuant to 28 U.S.C. § 2255.  We are
conducting an initial review of the motion pursuant to Rule 4(b) of the Rules Governing
Section 2255 Proceedings.  Lake's § 2255 motion raises one claim, ineffective
assistance of counsel.  We will dismiss his claim pursuant to Rule 4(b).

II.     *Discussion*

        Defendant claims he was denied effective assistance of counsel when
his attorney failed to investigate whether count 16 of the indictment should have been
stricken from the indictment as contrary to his right against self-incrimination under the
Fifth Amendment.  Count 16 of the indictment charged the Defendant with
manufacturing a firearm silencer without having registered it in violation of sections
5822, 5861(f) and 5871 of the National Firearms Act ("NFA"), 26 U.S.C. §§ 5801-5872.
Lake argues that in order to comply with the registration requirement he would have
had to incriminate himself because the manufacture of silencers is prohibited under

Pennsylvania law. Thus, his prosecution on this charge violated his right against self-incrimination.

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984), the Supreme Court set forth the test for ineffective assistance of counsel claims. Pursuant to *Strickland*'s two-pronged test, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial. *Id.* at 688, 692.[1] "The proper measure of attorney performance" is "reasonableness under prevailing professional norms." *Id.* at 688. Counsel's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the defendant must show that counsel's deficient performance prejudiced his defense. *Id.* The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, "judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Lewis v. Mazurkiewicz*, 915 F.2d 106, 111 (3d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689).

The NFA requires the Secretary of the Treasury to maintain a registry of firearms, the National Firearms Registration and Transfer Record (the "Firearms Registry"). 26 U.S.C. § 5841. Silencers are included in the definition of "firearm" under the NFA. 26 U.S.C. § 5845(a). For this reason, silencers are required to be registered in the Firearms Registry.

---

[1] The court need not address both prongs if the petitioner has failed to satisfy one of them. *Strickland*, 466 U.S. at 697.

No person shall make a silencer unless he has: (1) filed an application to make and register the firearm; (2) paid any tax on the making of the firearm; (3) identified the firearm to be made; (4) identified himself in the application including fingerprints and a photograph; and (5) obtained the approval of the Secretary of the Treasury to make and register the firearm. 26 U.S.C. § 5822.

The NFA prohibits the making of a firearm that is not registered in the Firearm Registry. 26 U.S.C. § 5861(f). However, there are no federal statutes that prohibit the possession of silencers. Additionally, while making or adapting a gun for silent discharge is illegal under Pennsylvania law, 18 Pa.C.S.A. § 908, Pennsylvania does not prohibit the possession of silencers themselves. *United States v. Gray*, No. 07-666, 2008 WL 49777645, at *3 (E.D. Pa. Nov. 21, 2008).

Contrary to Defendant's assertion, complying with the registration requirement under the NFA would not require that Lake incriminate himself. First, as mentioned above, the possession of a silencer is itself not a crime under Pennsylvania law. Second, statements made to authorities pertaining to the registration requirement of the NFA are immunized by statute pursuant to 26 U.S.C. § 5848. *United States v. Freed*, 401 U.S. 601, 606, 91 S.Ct. 1112 (1971); *see also United States v. Sivik*, 192 F.App'x 127, 128 (3d Cir. 2006)(non-precedential). Therefore, Lake's claim that he was prejudiced by his lawyer's failure to investigate this issue is without merit. Since Lake is unable to show he was prejudiced by his attorney's alleged inaction, he cannot meet his burden under the *Strickland* standard. Thus, we will deny his claim for relief.

III.     *Certificate of Appealability*

Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue if Simmons "has made a substantial showing of the denial of a constitutional

3

right."  Based on the above analysis, we will not issue a certificate of appealability for Simmons' § 2255 motion.  Simmons is advised, however, that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 10, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
      Plaintiff          :
                                 :
                                 :
      v.          :          CRIMINAL NO. 1:CR-07-323-02
                                 :
                                 :
RICHARD M. LAKE,          :
      Defendant          :

*O R D E R*

        AND NOW, this 10th day of November, 2009, upon consideration of the

Defendant's motion under 28 U.S.C. § 2255 (doc. 163), and pursuant to the

accompanying Memorandum, it is ordered that:

        1.  Defendant's motion is denied.

        2.  A certificate of appealability is denied.

                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge